UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHARD TAPIA-REYNOSO

                                          ORDER DISMISSING CASE
                                          PURSUANT TO RIDA

                                          05-CV-3228 (NGG)

    –against–

ALBERTO GONZALEZ, et al.,

                Respondents.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

      Petitioner Patrick Richard Tapia-Reynoso ("Petitioner") filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a final order of removal issued by an Immigration Judge in Oakdale, Louisiana on November 4, 1997. For the reasons set forth below, the petition is denied for lack of jurisdiction.

**I.    Procedural History**

      The Petitioner was born in the Dominican Republic and is a citizen of that country. He became a permanent resident of the United States on January 11, 1980. (Petition for a Writ of Habeas Corpus ("Pet.'s Br.") ¶ 8). On October 23, 1986, he was convicted on a plea of guilty in New York state court for criminal sale of a controlled substance in the fifth degree in violation of N.Y. Penal Law § 220.31. (Id.). On October 14, 1997, Petitioner was detained after arriving at John F. Kennedy International Airport and issued a Notice to Appear charging him with deportability pursuant to sections 212(a)(2)(A)(i)(II) and 212(a)(2)(c) of the Immigration and

1

Nationality Act ("INA"), 8 U.S.C. § 1182. (Id. ¶ 9, Ex. A). In a decision dated November 4, 1997 issued by an Immigration Judge in Oakdale, Louisiana, the Petitioner was found to be removable as charged in the Notice to Appear, i.e. as an alien who committed a controlled substance violation and engaged in trafficking of controlled substances. (Id. ¶ 10). The Petitioner waived his right to appeal the order of removal. (See Pet.'s Br. Ex. B, at 1).

The Petitioner then filed a Motion to Reopen with a Stay of Removal, which was denied by the Immigration Judge on December 10, 1997. (Pet.'s Br. ¶ 11, Ex. B).[1] The Petitioner was removed to the Dominican Republic on January 7, 1998. On or about March 19, 2004, the Petitioner again moved to re-open. This motion was denied by an Immigration Judge in Oakdale, Louisiana on April 20, 2004. (Id. ¶ 12, Ex. C). On July 2, 2004, the Board of Immigration Appeals dismissed the Petitioner's appeal of the Immigration Judge's April 20, 2004 decision. (Pet.'s Br. ¶ 12, Ex. D).

On July 6, 2005, the Petitioner timely filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking review of his order of removal.

**II.    Discussion**

    **A.    RIDA Requires that Petitioner's Challenge to His Final Order be Dismissed**

The REAL ID Act of 2005 ("RIDA") took effect on May 11, 2005, amending the judicial review provisions of INA § 242 by adding, inter alia, the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other
> provision of law (statutory or nonstatutory), including section 2241
> of title 28, United States Code, or any other habeas corpus
> provision, and sections 1361 and 1651 of such title, a petition for

---

[1] An appeal of this order was apparently filed on or about January 8, 1998, but was never perfected. (Pet.'s Br. ¶ 11).

2

> review filed with an appropriate court of appeals in accordance
> with this section shall be the sole and exclusive means of judicial
> review of an order of removal entered or issued under any
> provision of this Act . . . .

RIDA § 106(a)(1)(B). Therefore, under RIDA, the courts of appeals have <u>exclusive</u> jurisdiction to review all administratively final orders of removal, deportation and exclusion. Pursuant to RIDA, a petition for review is properly filed "with the court of appeals for the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings," INA § 242(b)(2), in this case, the Fifth Circuit Court of Appeals.[2]

Accordingly, this court does not have jurisdiction pursuant to RIDA to entertain Petitioner's claim challenging his final order of removal. Therefore, the petition is denied.

---

[2] RIDA § 106(c) further requires that a district court transfer any cases currently before it to the appropriate court of appeals:

> (c) TRANSFER OF CASES – If an alien's case, brought under
> section 2241 of title 28, United States Code, and challenging a
> final administrative order of removal, deportation, or exclusion, *is
> pending in a district court on the date of the enactment of this
> division*, then the district court shall transfer the case (or the part of
> the case that challenges the order of removal, deportation, or
> exclusion) to the court of appeals for the circuit in which a petition
> for review could have been properly filed under section 242(b)(2)
> of the Immigration and Nationality Act (8 U.S.C. 1252), as
> amended by this section . . .

RIDA § 106(c) (emphasis added).
In the present case, however, transfer to the Court of Appeals for the Fifth Circuit is not appropriate because the petition was filed *after* the enactment date of RIDA, May 11, 2005.

### III. Conclusion

For the reasons set forth above, the petitioner's 28 U.S.C. § 2241 petitioner for a writ of habeas corpus cannot be heard by this court. The petition is denied and the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 17, 2006  /s/ Nicholas G. Garaufis
 Brooklyn, N.Y. NICHOLAS G. GARAUFIS
 United States District Judge