UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RICHARD TAPIA-REYNOSO,

                Petitioner,

     –against–

MICHAEL MUKASEY, *et al.*,[1]

                Respondents.
-------------------------------------------------------X

**MEMORANDUM & ORDER**

05-CV-3228 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Patrick Richard Tapia-Reynoso ("Petitioner") filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a final order of removal issued by an Immigration Judge in Oakdale, Louisiana on November 4, 1997. By Memorandum & Order dated May 17, 2006, the court denied the petition for lack of jurisdiction. The court is now presented with Petitioner's motion for reconsideration. For the reasons that follow, Petitioner's motion is denied.

**I.    Background**

Petitioner was born in and is a citizen of the Dominican Republic. He became a permanent resident of the United States on January 11, 1980. (Petition for a Writ of Habeas Corpus ("Pet.'s Br.") ¶ 8.) On October 23, 1986, he was convicted on a plea of guilty in New York state court for criminal sale of a controlled substance in the fifth degree in violation of N.Y. Penal Law § 220.31. (Id.) On October 14, 1997, Petitioner was detained after arriving at John F.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Attorney General Michael Mukasey is substituted for Respondent Alberto Gonzales, and Andrea Quarantillo is substituted for Respondent Mary Ann Gantner.

1

Kennedy International Airport and issued a Notice to Appear charging him with deportability pursuant to Sections 212(a)(2)(A)(i)(II) and 212(a)(2)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182. (Id. ¶ 9, Ex. A.) In a decision dated November 4, 1997 issued by an Immigration Judge in Oakdale, Louisiana, Petitioner was found to be removable as charged in the Notice to Appear, *i.e.*, as an alien who committed a controlled substance violation and engaged in trafficking of controlled substances. (Id. ¶ 10.) Petitioner waived his right to appeal the order of removal. (See Pet.'s Br. Ex. B, at 1.)

Petitioner then filed a Motion to Reopen with a Stay of Removal, which was denied by the Immigration Judge on December 10, 1997. (Pet.'s Br. ¶ 11, Ex. B.)[2] Petitioner was removed to the Dominican Republic on January 7, 1998. On or about March 19, 2004, Petitioner again moved to re-open. This motion was denied by an Immigration Judge in Oakdale, Louisiana on April 20, 2004. (Id. ¶ 12, Ex. C.) On July 2, 2004, the Board of Immigration Appeals dismissed the Petitioner's appeal of the Immigration Judge's April 20, 2004 decision. (Pet.'s Br. ¶ 12, Ex. D.)

On July 6, 2005, the Petitioner timely filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking review of his order of removal. By Memorandum & Order dated May 17, 2006 ("May 17, 2006 M&O"), the court denied the petition for lack of jurisdiction. On November 30, 2007, Petitioner, through his counsel, filed a motion for reconsideration.

**II.    Discussion**

In its May 17, 2006 M&O, the court held that the REAL ID Act of 2005 ("RIDA")

---

[2] An appeal of this order was apparently filed on or about January 8, 1998, but was never perfected. (Pet.'s Br. ¶ 11).

requires that Petitioner's challenge to his final order be dismissed. The REAL ID Act of 2005 ("RIDA") took effect on May 11, 2005, amending the judicial review provisions of INA § 242 by adding, <u>inter alia</u>, the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

RIDA § 106(a)(1)(B). Therefore, as the court held, under RIDA, the courts of appeals have *exclusive* jurisdiction to review all administratively final orders of removal, deportation and exclusion. Pursuant to RIDA, a petition for review is properly filed "with the court of appeals for the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings," INA § 242(b)(2), in this case, the Fifth Circuit Court of Appeals.[3]

---

[3] RIDA § 106(c) further requires that a district court transfer any cases currently before it to the appropriate court of appeals:

> (c) TRANSFER OF CASES – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, *is pending in a district court on the date of the enactment of this division*, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section . . .

RIDA § 106(c) (emphasis added). In the present case, however, the court held that transfer of the petition to the Court of Appeals for the Fifth Circuit was not appropriate because the petition was filed *after* RIDA's enactment date of May 11, 2005.

Accordingly, I held that this court does not have jurisdiction pursuant to RIDA to entertain Petitioner's claim challenging his final order of removal. Therefore, the court denied the petition. By motion dated November 30, 2007, Petitioner moves under "FRAP 60" and 28 U.S.C § 1331 for reconsideration. (Petitioner's Notice of a Motion for Reconsideration ("Pet. Mem.").) Petitioner's motion fails both procedurally, for failure to specify any procedural rule of law that allows him to seek reconsideration more than eighteen months after the court entered judgment in the case, and substantively, for failure to demonstrate that the court erred in its determination regarding its lack of jurisdiction under RIDA.

With regard to the procedural failure, Petitioner's counsel inexplicably cites only to 28 U.S.C. § 1331 and "FRAP 60" as the bases of his motion for reconsideration. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This section is inapplicable to the instant motion since it provides no mention at all of reconsideration or, in fact, any other type of motion. With regard to "FRAP 60," the court can only assume that Petitioner's counsel is referring to Fed. R. Civ. P. 60, since there is no Federal Rule of Appellate Procedure 60. Petitioner, however, does not identify any subsection. In any event, as Petitioner has brought his motion for reconsideration more than one year from the entry of judgment, Fed. R. Civ. P. 60(b) precludes any relief. Furthermore, Local Rule 6.3 of the U.S. District Court for the Eastern District of New York requires that motions for reconsideration be filed within ten days of the entry of judgment. Petitioner's excuse that he received no notice of entry of judgment is unavailing, as the Memorandum & Order and the judgment were both distributed on the court's electronic filing system ("ECF") in May 2006, a system on which Petitioner's counsel was not only registered but

on which he filed letters in the instant case. Thus, Petitioner has failed to present to the court and the court has failed independently to find any procedural basis by which to grant Petitioner's motion for reconsideration.

Even were the court to find a procedural basis to support Petitioner's motion, the court would still deny it on the merits. Petitioner argues that RIDA does not preclude this court's jurisdiction over "matters independent of challenges to removal orders." (Pet. Mem. at 6.) However, Petitioner does not at any point in his motion for reconsideration or in the underlying Petition assert any matter independent of his challenge to his order of removal. Indeed, Petitioner focuses his petition entirely on an argument that, during the removal proceedings, he was not permitted to seek relief from removal pursuant to Immigration and Nationality Act § 212(c), codified at 8 U.S.C. § 1182(c). (See Petition at ¶ 16.) The cases to which Petitioner cites, Channer v. Dept. of Homeland Security, 406 F.Supp.2d 204 (D. Conn. 2005) (holding that the district court had jurisdiction over a challenge to an unlawful detention), and Zhicav v. Secretary of DHS, 205 WL 3180188 (D. Conn. 2005) (issuing an order concerning applications for adjustment and for readmission), are both irrelevant to the motion for reconsideration, as Petitioner is neither complaining of being unlawfully detained, nor complaining that the Department of Homeland Security acted improperly with regard to an application for adjustment of status or permission to reenter.

Petitioner's final argument, that the court should have transferred the case to the U.S. Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 rather than dismiss it, also fails. In De Ping Wang v. DHS, 484 F.3d 615 (2d Cir. 2007), the Second Circuit rejected essentially the same argument. In that case, the petitioner was ordered removed in 2002, prior to

5

RIDA's enactment. In 2006, after RIDA was enacted, the petitioner filed a habeas petition with the district court and argued that the district court should have transferred the petition to the Second Circuit pursuant to 28 U.S.C. § 1631. The panel wrote that the district court was not authorized to transfer the petition to the Second Circuit because the petition for review was untimely since it was filed more than thirty days after the final order of removal against the petitioner. Id. (citing 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.")). Here, Petitioner's habeas petition was similarly filed after the enactment of RIDA and more than thirty days after the issuance of the pre-RIDA order of removal of against Petitioner. Thus, the court rejects Petitioner's arguments that the court somehow erred in declining to transfer the case to the Fifth Circuit Court of Appeals rather than dismissing the case.

### III. Conclusion

For the reasons set forth above, Petitioner's motion for reconsideration is denied.

SO ORDERED.

Dated: May 6, 2008  /s Nicholas G. Garaufis
     Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
                             United States District Judge